## SUPREME COURT.

Andrew J. Molenaor and others agt. Henry J. Kerner.

In an action in which the right to *arrest* grows out of the extrinsic facts, and does not follow from the nature of the action itself, an execution *against the person* cannot be issued unless an order of arrest has been obtained in the action before judgment. (*Following the case of Kendenburg agt. Morgan,* 18 *How. Pr. R.,* 469.)

*Brooklyn Special Term, December,* 1861.

Motion by defendant to set aside execution against the person.

Jerome Buck, *for defendant.*
Dean & Lyons, *for plaintiffs.*

Emott, Justice.   This is a simple action on contract for the price of goods sold by the plaintiffs to the defendant between the first of October, 1860, and the first of April, 1861.   The plaintiffs obtained an order of arrest on an affidavit alleging that the debt was fraudulently contracted. This order was vacated on motion, but with leave to the plaintiffs to again apply for an order of arrest after the complaint was served.   The grounds upon which the order of arrest was set aside do not positively appear, nor do I distinctly remember what they were ; but I presume the principal, if not the only reason was that the facts relied upon to show fraud were stated on the information and belief only of the plaintiffs or of the persons making the affidavits, and without giving the sources of information.

There was no further application for an order of arrest before judgment, and the complaint was simply upon contract containing no allegations of fraud.   Judgment went

for the plaintiffs by default for the amount of the debt, and having issued one execution against the defendant's property, which was not satisfied, they have now issued one against his person, which the defendant moves to set aside.

The defendant's counsel contends that, as the plaintiffs have never availed themselves of the privilege afforded them to renew their application for an arrest, the order vacating the first arrest is conclusive against them that the action is not one in which the defendant might have been arrested. There is much force in the suggestion, but I do not think it necessary to put the decision of the present motion on that ground. There are other reasons why I think this execution must be set aside.

The defendant's counsel further contends, that no execution against the person can be issued in an action in which the right to arrest grows out of extrinsic facts, (as in the present instance, where the debt is alleged to have been contracted by fraud,) and does not follow from the nature of the action itself, unless an order of arrest has been obtained in the action before judgment. That is, that where the plaintiff sues on a contract, and obtains a judgment for his debt, and has obtained no order to arrest against the defendant for fraud or otherwise, he cannot, after judgment, issue an execution against the person of the defendant, and justify it by affidavits, as he would an order of arrest. I have great doubts whether a contrary result does not follow from the reasoning and decision of the court of appeals, in *Corwin* agt. *Freeland*, (2 *Seld.*, 560;) but the later cases have not deduced such a conclusion from that authority, and I shall not attempt to do so now. In *Humphrey* agt. *Brown*, (17 *How. Pr. R.*, 481,) Judge HOGEBOOM expresses the opinion that no *ca. sa.* can issue in an action not bailable in its own nature, unless an order of arrest has been obtained before judgment. In *Kendenburg* agt. *Morgan*, (18 *How. Pr. R.*, 469,) Judge BOSWORTH, of the

superior court of New York, decides the very point now presented, in favor of the ‘construction claimed by the defendant here.    I shall follow this rule, and hold for this reason this execution must be set aside.

There is also a difficulty upon the facts which are relied upon by the plaintiffs.    The credit was given by the plaintiffs, and the goods sold, as appears by the complaint, at various times, between October 1, 1860, and April 1, 1861.    The representations which are charged to be fraudulent, were made in January, 1861, and afterwards.    It can hardly be said upon these allegations, that the whole of the debt for which the plaintiffs have recovered judgment was fraudulently contracted, and it would not be sufficient to justify a *ca. sa.* upon this judgment that part of it was so.

The execution is set aside, with $10 costs, to be deducted from the plaintiffs' recovery.    The plaintiffs may have a stipulation that the defendant will not bring an action for false imprisonment, as a condition of vacating the execution. if they desire it.